**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DARRYL RIVERS,**

    **Plaintiff,**

v.                                            Case No.  8:08-cv-84-T-30TBM

**RESIDENTIAL SERVICES GROUP, INC.;**
**and CONNECTICUT GENERAL LIFE**
**INSURANCE COMPANY,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 17), Plaintiff's Response in opposition to the same (Dkt. 18), and Defendants Reply to Plaintiff's Response (Dkt. 23).  The Court, having reviewed the Motion, Response, Reply, and supporting memoranda, and being otherwise fully advised in the premises, determines the Motion should be granted.

### Background

In or about April of 2007, Plaintiff Darryl Rivers ("Plaintiff") was employed by Residential Services Group, Inc., to install heating and air conditioning units. The employer provided healthcare benefits to its employees, including Plaintiff, through an employee welfare benefit plan, as defined under 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").  The name of the plan was also Residential Services Group, Inc. (hereinafter, the employer shall be referred to as "RSG" and the plan as the "Plan").

The benefits provided under the Plan were self-insured by RFG. *See Residential Services Group, Inc. Premier Plan*, p. 6 (Dkt. 17-2). While the Plan designated RSG as the "Plan Administrator," Connecticut General Life Insurance Company ("CIGNA") provided claim administration services to the plan. *Id.* at 57. Pursuant to the terms of the Plan, RSG as Plan Administrator delegated to CIGNA the:

> discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of the plan. Such discretionary authority is intended to include, but not limited to, the determination of eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any benefit payments. The Plan Administrator [RFG] also delegates to [CIGNA] the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative.

*Id.*

On or about July 1, 2007, Plaintiff was accepted into the Plan and began paying premiums. On July 8, 2007, Plaintiff fell and injured his back. He was subsequently evaluated by several doctors, including board certified orthopedist, James Ronzo, D.O. Dr. Ronzo recommended Plaintiff undergo a surgical procedure to fuse vertebrae in his back. In early September of 2007, Dr. Ronzo's office requested approval from CIGNA for the surgery. Upon CIGNA's request, Dr. Ronzo addressed a letter to CIGNA indicating that the lumbar fusion was medically necessary.

After the request for approval was initially rejected, Plaintiff claims Dr. Ronzo provided additional medical evidence, along with a request for reconsideration, to CIGNA's National Appeals Unit. Plaintiff claims CIGNA failed to respond to the request for

reconsideration. Furthermore, Plaintiff claims CIGNA failed to respond to his request for a copy of his ERISA file and all insurance documents, and that RFG ultimately terminated his employment because he was physically unable to perform his job.

Plaintiff's Second Amended Complaint alleges causes of action against Residential Services Group, Inc.,[1] and CIGNA. In Count I, Plaintiff demands judgment from Residential Services Group, Inc., for healthcare benefits to pay for the requested lumbar surgery and attendant medical care, prejudgment interest, and attorney's fees and costs. In Count II he demands judgment against CIGNA for restitution of the full amount of healthcare benefits owed under the Plan, prejudgment interest, and attorney's fees and costs. In Count III he seeks statutory penalties from CIGNA for its alleged failure to respond to his request for a copy of his ERISA file. In the instant Motion, Defendants seek dismissal of Counts I and II.

## Discussion

### I.     Motion to Dismiss Standard Under 12(b)(6)

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483

---

[1] It is unclear whether Plaintiff's claims in Count I are alleged against RSG or the Plan itself.

(11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

**II.    Legal Analysis**

    **A.    Count I**

In Count I, Plaintiff demands judgment against "Residential Services Group, Inc.," under 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(1)(B) provides ERISA plan participants with a civil cause of action to recover benefits, enforce rights, or to clarify rights to future benefits under ERISA plans. *Heffner v. Blue Cross and Blue Shield of Alabama, Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006). "The Supreme Court has explained that there are three distinct remedies available to a participant or beneficiary under § 502(a)(1)(B): 'an action ... [1] to recover accrued benefits, [2] to obtain a declaratory judgment that [he or she] is entitled to benefits under the provisions of the plan contract, and [3] to enjoin the plan administrator from improperly refusing to pay benefits in the future.'" *Id.* (citing *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 147, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985)); *see also Jones v. Am. Gen. Life and Accident Ins. Co.,* 370 F.3d 1065, 1069 (11th Cir. 2004).

Defendants acknowledge Plaintiff may seek declaratory relief against RSG regarding CIGNA's refusal to pre-approve his lumbar surgery.  However, Defendants argue Plaintiff may not seek a monetary award to pay for expenses he has not incurred.  Defendants claim the decision not to pre-approve of the surgery, not the payment of any benefits, was the subject of the claim and appeal that gave rise to this case.  Because Plaintiff has not had the surgery, Defendants argue no benefits are due under the Plan.  Even if such benefits were available, Defendants argue they would be payable to Plaintiff's medical providers rather than Plaintiff.  Plaintiff acknowledges that he seeks benefits to be paid to his medical providers, not to himself, as if RSG had approved the surgery in the first place.

The Court agrees that Plaintiff may not seek a monetary award for expenses he has not incurred.  The appropriate remedy available to Plaintiff is a declaratory judgment reversing the decision not to pre-approve the surgery.  While the Complaint does not expressly seek declaratory relief, such a request can be implied from Plaintiff's request for the "benefits necessary to pay for the requested lumbar surgery."  To the extent the Complaint can be construed to seek declaratory relief, the Court concludes Count I should not be dismissed.  However, Count I should be dismissed to the extent Plaintiff seeks a monetary award, including prejudgment interest.  Accordingly, Defendant's Motion should be granted in part and denied in part with respect to Count I.

In support of his request for prejudgment interest, Plaintiff cites *Green v. Holland*, 480 F.3d 1216 (11th Cir. 2007).  In *Green*, the Eleventh Circuit noted that its decision in *Flint v. ABB, Inc.*, 337 F.3d 1326 (11th Cir. 2003) left open the possibility that an ERISA claimant

litigating and recovering an award of benefits due and unpaid under Section 502(a)(1)(B) could also recover interest on the unpaid benefits. *Green*, 480 F.3d at 1224, n. 4. Because the Court determines Plaintiff may seek only declaratory relief, the Court need not address Plaintiff's entitlement to interest.

### B.     Count II

In Count II, Plaintiff asserts a breach of fiduciary claim against CIGNA, seeking to enforce his rights pursuant to 29 U.S.C. § 1132(a)(3)(ii). The Eleventh Circuit has expressly held a breach of fiduciary claim cannot "constitute 'appropriate' equitable relief within the meaning of Section 502(a)(3) for an injury that [can] be adequately remedied by a cause of action under Section 502(a)(1)(B)." *Jones*, 370 F.3d at 1073 (citing *Katz v. Comprehensive Plan of Groups Ins, Alltell*, 197 F.3d 1084, 1088-89 (11th Cir. 1999). Plaintiff has an adequate remedy for declaratory relief under Section 502(a)(1)(B). Accordingly, Plaintiff's breach of fiduciary claim should be dismissed.

### C.     Count III

In Count III of the Second Amended Complaint, Plaintiff seeks statutory penalties under 29 U.S.C. § 1132(c)(1) for CIGNA's alleged failure to provide Plaintiff with a copy of his ERISA file and Plan documents. Section 1132(c)(1) imposes a duty to furnish information on the administrator of the plan. Defendant does not challenge Count III in the instant Motion. However, the Court notes that the Plan designates RFG, not CIGNA, as the administrator of the Plan. Pursuant to Section 1002(16)(A)(i), the "administrator" is "the

person specifically so designated by the terms of the instrument under which the plan is operated."

According to the Eleventh Circuit, the "proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). Proof of who the plan administrator is may come from either the plan document or factual circumstances surrounding the administration of the plan, even if such circumstances contradict the plan document. *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824 (11th Cir. 2001). In the Second Amended Complaint, Plaintiff argues the Plan documents designate CIGNA with the discretionary authority to interpret the plan and make factual determinations in connection with its review. Plaintiff also references the affidavit of a CIGNA employee who admits CIGNA administered Plaintiff's healthcare benefit plan. Thus, Plaintiff appears to argue CIGNA administered the Plan for purposes of Count III.

The Court notes that in Count I, Plaintiff seeks relief under Section 1132(a)(1)(B) from Residential Services Group, Inc.,[2] but not CIGNA. If Count I is intended to seek relief from RFG, Plaintiff's positions seem inconsistent. To the extent there is a question of fact as to who controlled the administration of the plan, either RFG or CIGNA may be a proper party defendant. Should Plaintiff so desire, the Court will allow him to amend his Complaint

---

[2]Again, it is unclear whether the relief sought in Count I is against RFG or the Plan itself. Both the Plan and the party controlling the administration of the Plan are proper party defendants in an ERISA action.

within twenty (20) days of the date hereof to clarify his claims against the appropriate defendants.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 17) is **GRANTED in part and DENIED in part** as set forth herein.

2. Count I of Plaintiff's Complaint is **DISMISSED without prejudice** to the extent it seeks a monetary award.

3. Count II is **DISMISSED without prejudice**.

4  Plaintiff may amend his Complaint within twenty (20) days of the date hereof in accordance with this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-84.mtd.frm